UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SQIP, LLC | Case No. 24-cv-1111 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Cambria Company LLC, | |
| Defendant. | |

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 52). Having reviewed the Stipulation, it is **APPROVED**, and the following shall govern discovery in this matter:

1. **Definitions.** As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action;

    (b) "confidential document" means a document designated as confidential under this protective order;

    (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "document" means information disclosed, produced, or otherwise made available for inspection or review in discovery or correspondence, including testimony and exhibits at a deposition;

    (e) "notice" or "notify" means written notice;

1

(f) "party" means a party to this action;

(g) "producing party" means a party or non-party that produces a confidential document in this action;

(h) "protected document" means a document protected by a privilege or the work-product doctrine; and

(i) "receiving party" means a party or non-party that receives a confidential document produced in this action.

2. **Designating a Document or Deposition as Confidential.**

   (a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

   (b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

   (c) Deposition testimony may be designated as confidential:

   (1) on the record at the deposition; or

   (2) after the deposition, by promptly (i.e., within 7 calendar days of the deposition) notifying the parties and those who were present at the deposition.

   (d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

   (a)   A confidential document may be used by a receiving party only in this action unless the receiving party receives prior written consent from the producing party or leave of Court to use the document for another purpose.

   (b)   No person receiving a confidential document may reveal it or its contents, except to:

   (1)   the court and its staff;

   (2)   an attorney or an attorney's partner, associate, or staff (subject to paragraph 3(f));

   (3)   a person shown on the face of the confidential document to have authored or received it;

   (4)   a court reporter or videographer retained in connection with this action;

   (5)   three employees of a party who are identified in writing to the producing party (subject to paragraphs 3(c) and 3(d)); and

   (6)   any expert or consultant who is retained to assist a party or attorney with this action, subject to paragraphs 3(f) and 4, who signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

   I have read, and agree to be bound by, the protective order in the case captioned *SQIP, LLC v. Cambria Company LLC,* Case No. 0:24-cv-01111, in the United States District Court for the District of Minnesota. As soon as my work in connection with

    that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

    I declare under penalty of perjury that the foregoing is true and correct.

  (7) outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by a party's outside counsel to assist in this litigation.

(c) A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "highly" and/or "attorney's eyes only," in which case a confidential document so designated and its contents may not be revealed to the individuals referenced at paragraph 3(b)(5) without the producing party's prior written consent but may be revealed to individuals within paragraphs 3(b)(1)–(4) and (6)–(7).

(d) A party or non-party may further supplement the "confidential" mark (see paragraphs 2(b) and 3(c)) with the words "machine instructions" if it contains source code, instructions, templates, or recipes used to manufacture a product that the party or non-party reasonably believes to be a trade secret, in which case the document and its contents may not be revealed to another party without the producing party's prior written consent, and its review is further subject to the following conditions:

(1) Any such document produced in discovery shall be made available for inspection during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location, solely to the receiving party's authorized recipients under paragraphs 3(b)(2) and 3(b)(6);

(2) Such produced documents shall be made available for review either in paper form or on a secured computer in a secured room without Internet access or network access to other computers, and the authorized recipients of the receiving party shall not record, copy, transmit, remove, transcribe, or otherwise transfer or take with them any portion of the document, but the authorized recipients of the receiving party may make handwritten notes during the inspection so long as those notes do not copy or transcribe any portion of the document, and such notes are kept confidential in the secure locked area described in paragraph (5) below and are not disclosed to anyone who is not an authorized recipient under paragraphs 3(b)(2) and 3(b)(6);

(3) The producing party may visually monitor the activities of the receiving party's authorized recipients during such review, but only to ensure that there is no unauthorized recording, copying, transmission, removal, transcribing, transferring, or taking, but the producing party may not monitor any verbal statements made by the receiving party's authorized recipients amongst themselves

5

        during the inspection, to the extent more than one of the receiving party's authorized recipients is present at the inspection; and

(4)    The receiving party may request paper copies of limited portions of machine instructions that are reasonably necessary for the preparation of filings, pleadings, expert reports, or other papers necessary for the case, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the machine instructions other than as set forth in paragraphs 3.d.(1)–(3) in the first instance. Absent a challenge discussed below, the producing party shall deliver a single copy of the requested hard copies on non-copyable paper including Bates numbers and the label "Confidential – Attorney's Eyes Only – Machine Instructions," to the requesting party's outside counsel of record. The producing party may challenge, in writing, the nature and amount of material requested in hard copy form within 5 days of the request, and the parties will thereafter promptly meet and confer to attempt to resolve the issues. If the parties are unable to resolve the issues, the parties shall present their dispute to the Court within 14 days after the written challenge referenced above.

(5)    The receiving party shall maintain a record of any individual who has inspected any portion of the machine instructions in electronic or paper form, including any paper copies, specifying the names of such individuals and the dates and times of such inspection. The

     receiving party shall maintain all paper copies of any printed portions of the machine instructions and any handwritten notes from the inspection in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case, which will be destroyed once they are no longer needed for such purpose. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(e) If a confidential document or its contents are revealed to someone not entitled to receive it, the parties must make their best reasonable efforts to promptly retrieve it and destroy any copies of the document or any other documents reflecting the contents of the confidential document in possession of the unauthorized person.

(f) Absent written consent from the producing party, any individual bound by this agreement who receives access to the producing party's confidential information shall not prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or otherwise relating to surface products or their manufacture during the pendency of this action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to the other party's confidential documents and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit or otherwise relating to surface products or their manufacture. Nothing in this Order shall prevent a person with access to confidential documents from participating in a post-issuance PTO proceeding, e.g., IPR or PGR or reexamination, except for that person shall not participate—directly or indirectly—in the amendment or drafting of any claim(s).

4. **Pre-Disclosure Notice Regarding Outside Experts.** At least five (5) business days before any expert or consultant described in Section 3(b)(6) is given access to restricted materials, the party seeking to give such access to such a person shall deliver (via email) to all other parties a copy of the signed declaration included in Section 3(b)(6) and a resume, curriculum vitae, or a description setting forth the person's (1) name, (2) office address, (3) present employer, job title and job description, (4) any litigation related consulting activities within the last five years, (5) any relationship to the parties in this action, and (6) a brief job history of the past five years. If a party has a good faith basis for believing it would be

8

harmed by the proposed disclosure to such person, the Party shall object to such disclosure within five (5) business days after service of the information called for in this paragraph. Objections must be made in writing and state with particularity the basis for the objection. In the event of such an objection to disclosure, the parties shall meet and confer within three (3) business days of the objection to attempt to resolve the concerns giving rise to the objection and present any disputes to the Court within five (5) business days of the meet and confer. The objecting party shall have the burden of showing why that person should not have access to its restricted materials. Pending resolution of any such disputes, no disclosure of restricted materials shall be made to that person. The pendency of such disputes shall not limit, delay or defer any disclosures of restricted materials to persons as to whom no such objection has been made.

5. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

6. **Correcting an Error in Designation**. A party or non-party who discloses or produces a confidential document not designated as confidential may, within three (3) days after discovering the error, provide written notice of the error and thereafter produce a copy of the document designated as confidential.

7. **Use of a Confidential Document in Court.**

   (a)   Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

    (b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly (including at the hearing or trial but before introducing the document in open court) notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**8.**     **Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise. The parties shall make good faith efforts to resolve disagreements over confidential document designations, such as to produce redacted versions under a different designation upon reasonable request.

    (b)    Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9. **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each party must:

   (1) return or destroy all confidential documents; and

   (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

   (b) Notwithstanding paragraph 9(a), each attorney may retain copies of pleadings, deposition transcripts, expert reports, exhibits to any of the preceding, correspondence (including emails), and attorney and consultant work product (but not document productions) for archival purposes.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a) Notice.

    (1) A party or non-party that discovers it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2) A party that discovers it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party that is notified or discovers it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

    (c)    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or otherwise protected (*e.g.*, by the attorney work-product immunity) documents, things, or information is not a waiver in this case or in any other federal or state proceeding.

11. **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party that learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

13. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.** This protective order shall not impose any restrictions on documents or information produced in this litigation but not designated as restricted material or on the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation). This protective order also shall not apply to information that (a) was properly known to the receiving party before it was disclosed in this litigation, (b) is or became public

        knowledge through no breach of the provisions of this protective order, (c) is independently developed by the receiving party without access to, or reliance on, restricted materials, or (d) is disclosed to the receiving party or non-party without restriction as to the disclosure, so long as the party or non-party that disclosed the information has the right to disclose the information.

14. **Previously Viewed or Obtained Material.** Nothing in this protective order shall preclude any party or its attorneys from showing restricted material to an individual who prepared, authored, or received or reviewed the material without violation of this protective order outside the context of this litigation.

15. **No Waiver of Privilege.** If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product protection or other grounds for withholding production to which any party would otherwise be entitled to assert, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter, in this litigation or in any other federal or state proceeding. Consistent with Federal Rule of Evidence 502, which shall apply in this litigation, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and takes reasonable steps to rectify the error. Upon reasonably prompt written request of the producing party, the receiving party much sequester or

promptly return the information and any copies it possesses or has made; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the Court (with the appropriate request for sealing) for a determination of the claim.

16. **Modifications of this Protective Order.** This protective order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this protective order by written stipulation of the parties (subject to the Court's approval).

17. **Providing Advice to Clients.** Persons qualified to view restricted material may make working copies, abstracts, digests or analyses of the restricted material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the restricted material from which it was derived. Nothing in this protective order shall bar or otherwise restrict any counsel of record from rendering advice to a client that is a party in this litigation and, in the course thereof, relying upon such counsel's knowledge of restricted materials, provided, however, that such counsel shall not disclose the restricted materials in a manner not specifically authorized under this protective order.

18. **Requests in Other Cases for Protected Materials.** If any person receiving material covered by this protective order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide

material covered by this protective order and such subpoena, document demand, or request seeks material that was produced or designated as restricted material by any producing party, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable (and, in any event, within seven (7) days after receipt of the subpoena or document request or before the deadline for response thereto, whichever is shorter) to counsel of record for the producing party and shall send a copy of this protective order to the party that caused the subpoena or document request to issue and inform that party that some or all of the materials called for by the subpoena or document request are subject to nondisclosure constraints under the terms of this protective order. The purpose of these duties is to alert the interested parties to the existence of this protective order and to afford the producing party an opportunity to seek protection for its restricted material in the court from which the subpoena or document request issued. The producing party shall bear the burden and expense of seeking protection in that court. If such request to the court is timely made, then the restricted material shall not be produced until that court rules, provide there are no rules or laws requiring production despite a pending motion or request for a protective order. Nothing in this provision should be construed as authorizing or encouraging a receiving party to disobey an order from another court.

**SO ORDERED**.

Dated: July 1, 2024                                    *s/ Dulce J. Foster*
                                                      Dulce J. Foster
                                                      United States Magistrate Judge