UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SQIP, LLC,                                               Civil No. 24-cv-1111 (LMP/DJF)

                    Plaintiff,

v.

Cambria Company LLC,                                    **ORDER**

                    Defendant.

This matter is before the Court on the parties' Joint Motions for Continued Sealing ("Sealing Motions") (ECF Nos. 132 and 197). The parties filed the first sealing motion (ECF No. 132) in connection with Plaintiff's motion to compel a physical inspection of Defendant's manufacturing facility (ECF No. 104), which the Court denied (ECF No. 124). The parties filed the second motion in connection with Plaintiff's motions to compel production of financial records and a licensing agreement (ECF No. 133) and to amend infringement contentions (ECF No. 144). The undersigned Magistrate Judge granted the motion to compel in part and granted the motion to amend infringement contentions in part (ECF No. 167), and the District Judge, the Honorable Nancy E. Brasel, affirmed the Court's order over Plaintiff's objections (ECF No. 192).

**I.      Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served

1

by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## II.    First Motion for Continued Sealing (ECF No. 132)

An Article III judge did not rule on the non-dispositive motion underlying the first motion for continued sealing. Thus, the sealed exhibits did not play a material role in the exercise of Article III power or any dipositive issue in this case. The parties' interests in confidentiality thus are afforded greater deference, and a countervailing reason is all that is necessary to overcome the prediction of public access. *IDT Corp.*, 709 F.3d at 1224. Though the parties' supporting

2

memoranda (ECF Nos. 102/108/134[1] and 117) similarly played no role in the exercise of Article III power, the Court scrutinizes the sealing of legal briefs more carefully because limiting public access to legal argument, even on non-dispositive issues, has the potential to impede the development of the law. In this case, however, the parties publicly filed a version of their briefs with limited redactions to remove sensitive information, thus minimizing this concern. (ECF Nos. 109, 118.)

The parties agree that both the memoranda and the documents filed at ECF Nos. 102, 102-1 to 102-5, 108, 110, 110-1 to 110-4, 117, 119, and 121-1 to 121-4, which are exhibits to the memoranda, should remain sealed because they contain discussion or depiction of Defendant's trade secrets. They also state that sealing is appropriate because many of the exhibits are designated as "Highly Confidential – Attorneys' Eyes Only." (*See* ECF No. 132.)

A party's designation of a document as "confidential" in discovery is not dispositive of whether it should be sealed upon filing in the Court's docket, which is presumptively open to the public. The Court accordingly rejects this rationale for sealing the exhibits. But the Court finds continued sealing is appropriate because the parties' argument that the memoranda and exhibits contain competitively sensitive and proprietary information is a sufficient countervailing reason to warrant continued sealing under the lower threshold applicable to materials concerning non-dispositive issues that an Article III judge has not considered. The parties thus have a legitimate interest in maintaining confidentiality that outweighs any public interest in the right to access them. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, No. 21-cv-1039

---

[1] ECF No. 102 is a version of Plaintiff's memorandum in support of its motion to compel inspection that is marked "filed in error." ECF No. 108 is the corrected version of Plaintiff's memorandum. ECF No. 134 is docketed as a memorandum supporting Plaintiff's motion to compel production of financial records but is in fact another copy of Plaintiff's memorandum in support of its motion to compel inspection.

(SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business").[2]

The Court notes that Defendant filed Eimeric Reig-Plessis's declaration both publicly at ECF No. 120 (attaching unsealed exhibits) and under seal at ECF No. 121 (attaching sealed exhibits). The parties do not ask that the declaration at ECF No. 121 remain under seal, which makes sense, since it is publicly filed. The Court will unseal ECF No. 121, though its exhibits (ECF Nos. 121-1 through 121-4) will remain sealed.

## III.    Second Motion for Continued Sealing (ECF No. 197)

Because an Article III judge considered and resolved the underlying non-dispositive motions to compel production of financial documents and to amend infringement contentions (ECF No. 197), the Court applies a different standard to the parties' second sealing motion. Here, the documents at issue played a material role in the exercise of Article III power, and therefore, the presumption of public access may be overcome only if the parties have proffered compelling reasons to do so. *See Flynt*, 885 F.3d at 511. The Court finds they have not entirely satisfied this standard.

First, the parties ask to permanently seal unredacted copies of their memoranda on the underlying motions. (ECF Nos. 145, 154, 159, 176, and 181.) The public versions contain redactions removing information that the parties argue constitute or contain citations to "trade secret information." (*See* ECF Nos. 135, 146, 160, 177, and 182.) The redactions are not extensive, but in some instances the parties' characterization of the redactions as "trade secret"

---

[2] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the same documents and the information they contain in deciding any dispositive motions or at trial.

information strains credulity.  (*See, e.g.*, ECF No. 154 at 5-7, describing spreadsheets produced in discovery without disclosing proprietary content; ECF No. 159 at 1, captioning the memorandum itself as filed "under seal"; *id.* at 14, stating the time period applicable to budget information produced in discovery; *id*. at 17-19, generally describing the types of data fields included in financial reports without disclosing any data.)  Though the Court does not conclude that all the redactions are unwarranted (*see, e.g.*, ECF No. 145 at 9-10, describing Defendants' manufacturing process; ECF No. 154 at 13, describing the terms of a settlement agreement), the redactions the parties have submitted are plainly overbroad.  The Court is thus unpersuaded that the parties have established compelling reasons to keep the memoranda sealed.

Moreover, it is not the Court's job to wade through these filings and correct the parties' redactions for them.  Instead, the Court denies the parties' joint sealing motion as to ECF Nos. 154, 159, 176, and 181[3] and directs the parties that if they wish to keep any portion of these briefs under seal, they must file a motion for further consideration of sealing pursuant to L.R. 5.6(f), along with newly-redacted versions of the briefs containing only such more narrow redactions that counsel can sincerely represent to the Court conceal trade secrets or other similarly sensitive information.

Second, the parties argue that the documents filed at ECF Nos. 137, 139, 139-1 to 139-2, 148, 148-1 to 148-3, 157, 161, 163-1 to 163-10, 173-1, and 176-1, which are exhibits to the briefs, should remain sealed because they contain discussion or depiction of Defendant's trade secrets, and many of the documents were labeled "Highly Confidential – Attorneys' Eyes Only."  (*See* ECF No. 197.)   The Court rejects the proffered rationale that the documents should be sealed because the parties designated them "confidential" or "highly confidential" in discovery.  But having carefully reviewed each of the sealed exhibits, the Court finds continued sealing is appropriate

---

[3] The Court accepts the redactions to ECF No. 145.

because each contains confidential and sensitive or proprietary trade secret, financial, or other business information. The parties thus have a legitimate interest in maintaining confidentiality that outweighs any public interest in the right to access them. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, No. 21-cv-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business"). The Court thus finds that the parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing them.[4]

The Court notes that Defendant filed Eimeric Reig-Plessis's declaration publicly at ECF No. 162 and under seal at ECF No. 163. The parties do not ask that the declaration at ECF No. 163 remain under seal, which makes sense, since it is publicly filed. The Court will unseal ECF No. 163. In addition, the parties agree that the memorandum filed at ECF 173 no longer needs to remain sealed. (*See* ECF No. 197 at 11.) The Court accordingly orders that document to be unsealed as well.

Finally, Plaintiff filed under seal Exhibit 16 to its motion to amend (ECF No. 148-4). Perhaps inadvertently, the parties did not address ECF No. 148-4 in their second Sealing Motion. The parties shall file a motion to continue sealing ECF No. 148-4 pursuant to L.R. 5.6(d) on or before **September 3, 2026** explaining their position with regard to that document, failing which the Court will order the Clerk's Office to unseal it.

---

[4] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the same documents and the information they contain in deciding any dispositive motions or at trial.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motions Regarding Continued Sealing (ECF Nos. 132) is **GRANTED** and the parties' second Joint Motion Regarding Continued Sealing (ECF No. 197) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Clerk of Court is directed to keep the documents filed at ECF Nos. 102, 102-1 to 102-5, 108, 110, 110-1 to 110-4, 117, 119, 121-1 to 121-4, 134, 137, 139, 139-1 to 139-2, 145, 148, 148-1 to 148-3, 157, 161, 163-1 to 163-10, 173-1, and 176-1 under seal.

2. The Clerk's Office is directed to unseal ECF Nos. 121, 154, 159, 163, 173, 176 and 181 if no motion for further consideration of sealing them is filed pursuant to Local Rule 5.6(f) by **September 3, 2026**.  Any such motion for further consideration as to ECF Nos. 154, 159, 176 or 181 must be accompanied by more narrowly redacted versions of those memoranda consistent with this Order.

3. The parties must file a joint motion for continued sealing of ECF Nos. 148-4 pursuant to Local Rule 5.6(d) by **September 3, 2026**, failing which the Court will order the Clerk's Office to unseal it.

Dated: August 13, 2026

_s/ Dulce J. Foster_
DULCE J. FOSTER
United States Magistrate Judge